IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

_____

| | | |
|---|---|---|
| MARK JAMES TREINER, | ) | Cause No. CV 07-40-H-DWM-RKS |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND RECOMMENDATION |
| | ) | OF U.S. MAGISTRATE JUDGE |
| MIKE MAHONEY; ATTORNEY | ) | |
| GENERAL OF THE STATE OF | ) | |
| MONTANA, | ) | |
| | ) | |
| Respondents. | ) | |

_____

On June 25, 2007, Petitioner Mark James Treiner filed this action seeking a writ of habeas corpus under 28 U.S.C. § 2254. He also filed a memorandum in support. The Court has jurisdiction pursuant to 28 U.S.C. §§ 2241 and 2254. Petitioner is a state prisoner proceeding pro se.

On April 8, 2008, the Court issued Petitioner an Order to Show Cause why his claims should not be dismissed with prejudice either as procedurally defaulted without excuse or as untimely under the one-year federal statute of limitations. See Order to Show Cause (doc. 4) at 3-6 (explaining and applying doctrine of procedural default); id. at 6-8 (explaining and applying federal statute of limitations). Petitioner responded on June 10, 2008.

**I. Background**

Petitioner pled guilty in Montana's First Judicial District Court, Lewis and Clark County, to

criminal distribution of dangerous drugs (Count 1), sexual assault (Count 2), and sexual abuse of children (Count 3). He was sentenced to serve twenty years in prison on Count 1 with no eligibility for parole; forty years, all suspended, on Count 2; and forty years, all suspended, on Count 3. Counts 1 and 2 were to run concurrently and Count 3 was to run consecutively to them. Judgment was entered on October 16, 2002, amended on October 25, 2002, for clarification, and amended again on November 6, 2002, to substitute the phrase "ineligible for parole" for "illegible for parole." Petitioner did not appeal. See Pet. (doc. 1) at 3-4, ¶¶ 1-5; Order at 1, State v. Treiner, No. CDC-2002-106 (Mont. Sentence Review Div. Mar. 28, 2003) (doc. 1-#2) ("Treiner I"); Order at 2, ¶ 3, Treiner v. State, No. 05-737 (Mont. Dec. 12, 2006) (unpublished mem.) (doc. 1-#1) ("Treiner II").[1]

On June 22, 2004, the trial court amended the judgment to permit the Helena Police Department to destroy Petitioner's firearms instead of selling them. See Treiner II, No. 05-737, at 3, ¶ 4.

On July 27, 2005, Petitioner filed for postconviction relief in the trial court. He claimed that the trial court erred in denying him parole eligibility without stating its reasons and in ordering him to pay restitution and to forfeit his property. See id. at 3, ¶ 5. The trial court dismissed his petition and he appealed. On December 12, 2006, the Montana Supreme Court affirmed, holding that all of Petitioner's claims could have been raised on direct appeal and so were barred by Mont. Code Ann. § 46-21-105(2) (2001). See id. at 4, ¶¶ 8-10.

Petitioner signed his federal habeas petition and deposited it in the prison mail system on June 20, 2007. See Pet. at 8, Pet'r Decl. ¶ C; Houston v. Lack, 487 U.S. 266, 270-71 (1988)

---

[1] Petitioner inadvertently omitted the even-numbered pages of the Montana Supreme Court's decision. The complete decision is available at http://courts.mt.gov.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 2

(establishing prison mailbox rule).

## II. Petitioner's Allegations

Petitioner contends, first, that his sentence is disproportionate to the sentences of other, similarly situated offenders and so violates the Eighth Amendment. See Pet. at 4, ¶ 15A ("Claim 1").

Second, Petitioner claims the trial court erred when it amended the Judgment. Id. at 5, ¶ 15B ("Claim 2").

Third, Petitioner questions whether the state courts "have the right to time bar the petitioner in a case with a clearly illegal sentence" that "directly countermanded state law." Id. ¶ 15C ("Claim 3").

Fourth, Petitioner alleges that he was denied a fair trial and the result of his case was predetermined due to pretrial publicity. Id. at 6, ¶ 15D ("Claim 4").

## III. Analysis

The federal statute of limitations bars this Court from considering the merits of Petitioner's claims. The Court raised the time bar *sua sponte*. Petitioner has had an opportunity to respond. See Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

At the latest, Claims 1, 3, and 4 arose at the time the trial court entered judgment on November 6, 2002. Claim 2 arose, at the latest, on the date of entry of the latest amended judgment on June 22, 2004.

### A. Application of the Federal Statute of Limitations

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year statute of limitations applies to petitions filed under 28 U.S.C. § 2254. In this case, the limitations

period began to run on the date Petitioner's conviction became "final" in state court. Id. § 2244(d)(1)(A).

Under state law, Petitioner had sixty days to file a notice of appeal from the trial court's entry of judgment on November 6, 2002. See Mont. R. App. P. 5(b). Because he did not do so, his conviction became "final," for purposes of 28 U.S.C. § 2244(d)(1)(A), sixty days later, on January 5, 2003. Therefore, Petitioner was required to file a petition for a writ of habeas corpus in this Court on or before January 5, 2004.

As to Claim 2, Petitioner had sixty days after June 22, 2004, to appeal from the trial court's amendment of the judgment. See Mont. R. App. P. 5(b). Because he did not do so, his conviction became "final," for purposes of 28 U.S.C. § 2244(d)(1)(A), sixty days later, on August 21, 2004. Therefore, Petitioner was required to file Claim 2 in this Court on or before August 22, 2005.[2]

**B. Statutory and Equitable Tolling**

The one-year period for filing in federal court for a writ of habeas corpus is suspended while a petitioner has an action pending in state court. See 28 U.S.C. § 2244(d)(2). Here, the trial court amended the judgment on June 22, 2004, more than five months after Petitioner's time to file his federal habeas petition expired. Therefore, as to Claims 1, 3, and 4, the federal statute of limitations expired before any time was tolled under § 2244(d)(2).

As to Claim 2, Petitioner's filing of a postconviction petition on July 27, 2005, tolled the federal limitations period 339 days after the statute began to run on August 22, 2004. Thus, when the Montana Supreme Court affirmed the trial court's decision on December 12, 2006, Petitioner had

---

[2] August 21, 2005, was a Sunday.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 4

26 days remaining to file Claim 2.  See Lawrence v. Florida, __ U.S. __, 127 S. Ct. 1079, 1086 (2007) (holding that there is no tolling under § 2244(d)(2) for filing of petition for writ of certiorari from U.S. Supreme Court).  He did not file until June 20, 2007.  Claim 2 was also filed too late.

Petitioner might be entitled to equitable tolling of the limitations period if he demonstrates that extraordinary circumstances beyond his control made it impossible for him to file his federal claims on time.  See Calderon v. United States Dist. Court ("Beeler"), 128 F.3d 1283, 1288-89 (9th Cir. 1997) (internal quotation omitted), overruled on other grounds by Calderon v. United States Dist. Court ("Kelly IV"), 163 F.3d 530 (9th Cir. 1998) (en banc).  Equitable tolling is not available in most cases and poses a "high hurdle" for a petitioner to overcome.  Id.

> A habeas petitioner . . . should receive an evidentiary hearing when he makes a good-faith allegation that would, if true, entitle him to equitable tolling.  [Petitioners] must demonstrate that they have been pursuing their rights diligently and that some extraordinary circumstance stood in their way.

Roy v. Lampert, 465 F.3d 964, 969 (9th Cir. 2006) (internal emphasis, quotations, brackets, and ellipsis omitted).  Additionally, "the person seeking equitable tolling must demonstrate reasonable diligence in attempting to file *after* the extraordinary circumstances began."  Id. at 971 (quoting Spitsyn v. Moore, 345 F.3d 796, 802 (9th Cir. 2003)) (internal brackets and ellipsis omitted).

In response to the Court's Order to Show Cause, Petitioner filed a brief statement.  He says:

> I filed for postconviction relief on July 27, 2005, knowing I was over the time limit for my last known amended sentence (judgement), based on the assertion mine is an illegal sentence.  I asked the court to appoint counsel as my court appointed attorney from Lewis + Clark county informed me she no longer represented me.  No answer was ever received.
>     What I did not know, however, was that another amended sentence was issued June 22, 2004.
>     I was never notified of this latest amended sentence.  I only became aware of it when I requested another copy of my case register report from District Court quite

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 5

>   some time after I had filed my postconviction relief.
>   I do not understand how I am expected to comply with time bars when I am not made aware [of] amended sentences, any of them.

Resp. to Order (doc. 7) at 1.

It is impossible to construct any causal connection between Petitioner's untimely filing in federal court and his assertion that he did not receive notice of the entry of the last amended judgment. If Petitioner did not know of the amended judgment of June 22, 2004, then he should have filed his federal habeas petition on or before January 5, 2004. If he did not know of the entry of *any* of the amended judgments, he should have filed his federal petition within one year and sixty days of the entry of the original judgment, or on December 15, 2003. His lack of knowledge of the amendment or amendments could not have caused his untimely federal filing. See Roy, 465 F.3d at 969; Spitsyn, 345 F.3d at 802. Therefore, his Petition should be dismissed with prejudice as untimely.

## V. Certificate of Appealability

### A. Governing Law

Pursuant to 28 U.S.C. § 2253(c), "[a] certificate of appealability ['COA'] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." See Hohn v. United States, 524 U.S. 236 (1998); Lambright v. Stewart, 220 F.3d 1022, 1024 (9th Cir. 2000). The standard of a "substantial showing" can be satisfied on an issue-by-issue basis. Lambright, 220 F.3d at 1024 (citing 28 U.S.C. § 2253(c)(3)).

>   [I]n order to make a substantial showing of the denial of a federal right a petitioner . . . "must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.'"

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 6

Lozada v. Deeds, 498 U.S. 430, 432 (1991) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). See also Slack v. McDaniel, 529 U.S. 473, 484 (2000) (petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."). Any doubt as to whether a petitioner has met the standard is resolved in his favor. Lambright, 220 F.3d at 1025. The Court must "state why a certificate should not issue." Fed. R. App. P. 22(b)(1).

Where, as here, the district court dismisses a claim on procedural grounds, the court must decide whether "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Lambright, 220 F.3d at 1026 (quoting Slack, 529 U.S. at 484).

**B. Discussion**

Because the factual allegations of the Petition are sparse, it is difficult to say whether Petitioner has set forth any potentially valid claim of a constitutional violation. However, it is clear beyond doubt that the Petition is time-barred. Petitioner asserts that he could not comply with time bars because he was not notified of the amendment of the judgment in his case. Such lack of notice could only make his Petition more untimely. A COA is not warranted.

Based on the foregoing, the Court enters the following:

**RECOMMENDATION**

The Petition (doc. 1) should be DISMISSED WITH PREJUDICE as time-barred under 28 U.S.C. § 2244(d)(1)(A). A certificate of appealability should be DENIED. The Clerk of Court

should be directed to enter judgment by separate document in favor of Respondents and against Petitioner.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to this Findings and Recommendations within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge.

Petitioner must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address." Failure to do so may result in dismissal of his case without notice to him.

DATED this 6th day of August, 2008.

        /s/ Keith Strong
        Keith Strong
        United States Magistrate Judge